

1 | DAVID A. BOONE - 74165
LEELA V. MENON - 195435
2 | SUSAN B. LUCE - 120843     **Not Signed-See comments below**
LAW OFFICES OF DAVID A. BOONE
3 | 1611 The Alameda
San Jose, California 95126     _____
4 | Telephone:  (408) 291-6000   **Charles Novack**
Facsimile:  (408) 291-6016     **U.S. Bankruptcy Judge**

Attorneys for Debtor
Edward Gerard Ciliberti

Cedar Funding is a reorganized Chapter 11 debtor, and the case has not closed. Accordingly, the court believes that the moving party must file a motion for relief from the automatic stay to seek this relief.

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

IN RE:                              ) Case No. **13-52456 CN**
                                    )
EDWARD GERARD CILIBERTI              ) Chapter 13
                                    )
                                    )
            Debtors.                 )
                                    )
_____    ) Hon. Charles Novack

**ORDER VALUING LIEN OF CEDAR FUNDING, INC.**

Debtor filed a motion to value the lien of Cedar Funding, Inc. (hereinafter Lienholder) against the property commonly known as 4091 Pine Meadows Way, Pebble Beach, CA 93953, which lien was recorded with the Monterey County Recorder on November 29, 2006 as document number 2006104786, (hereinafter the Lien). The property is more fully described as follows:

/// ///

Real Property in the unincorporated area of the County of Monterey, State of California, described as follows:

PARCEL I:

LOT 25, AS SAID LOT IS SHOWN ON THAT CERTAIN MAP ENTITLED MAP OF "TRACT NO. 682, SUNRIDGE PINES", FILED FOR RECORD OCTOBER 4, 1972 IN THE OFFICE OF THE COUNTY RECORDER OF THE COUNTY OF MONTEREY, STATE OF CALIFORNIA, IN VOLUME 11 OF MAPS, "CITIES AND TOWNS", AT PAGE 60.

PARCEL II:

AN UNDIVIDED 1/29 INTEREST IN PARCELS A, B, C, AND D, AS THE SAME ARE SHOWN AND SO DESIGNATED ON SAID MAP ABOVE REFERRED TO.

A.P.N. 008-592-022-000

The Court finds that notice of the Motion upon Lienholder was proper. Lienholder having failed to file timely opposition to Debtor's motion, the Court hereby orders as follows:

(1) For purposes of Debtor's Chapter 13 plan only, the Lien is valued at zero, Cedar Funding, Inc. does not have a secured claim, and the Lien may not be enforced, pursuant to 11 U.S.C. §§ 506, 1322 and 1327.

(2) This order shall become part of the Debtor's confirmed chapter 13 plan.

(3) Upon entry of a discharge or completion of plan payments in Debtor's Chapter 13 case, the Lien shall be voided for all purposes, and upon application by Debtor, the Court will enter an appropriate from of judgment voiding the Lien.

(4) If Debtor's Chapter 13 case is dismissed or converted to one under another chapter before Debtor obtains a discharge or completes plan payments, this order shall cease to be effective and the Lien shall be retained to the extent recognized by applicable nonbankruptcy law, and upon application by the Lienholder, the Court will enter an appropriate form of order restoring the Lien.

(5) Except as provided by separate, subsequent order of this court, the Lien may not be enforced so long as this order remains in effect.

**COURT SERVICE LIST**

All registered ECF participants.